IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN AND WESTERN DIVISIONS

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br>v.<br><br>3.13 ACRES, MORE OR LESS, IN HALIFAX<br>COUNTY, NORTH CAROLINA *et al.*,<br>*Defendants.* | No. 4:18-CV-35-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br>v.<br><br>0.47 ACRES, MORE OR LESS, IN HALIFAX<br>COUNTY, NORTH CAROLINA *et al.*,<br>*Defendants.* | No. 4:18-CV-36-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br>v.<br><br>0.06 ACRES, MORE OR LESS, IN HALIFAX<br>COUNTY, NORTH CAROLINA *et al.*,<br>*Defendants.* | No. 4:18-CV-67-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br>v.<br><br>11.57 ACRES, MORE OR LESS, IN NASH<br>COUNTY, NORTH CAROLINA *et al.*,<br>*Defendants.* | No. 5:18-CV-13-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br>v.<br><br>1.713 ACRES, MORE OR LESS, IN WILSON<br>COUNTY, NORTH CAROLINA *et al.*,<br>*Defendants.* | No. 5:18-CV-388-BO |

| ATLANTIC COAST PIPELINE, LLC, | ) |
|---|---|
| *Plaintiff*, | ) |
| v. | ) No. 5:18-CV-426-BO |
| | ) |
| 1.687 ACRES, MORE OR LESS, IN WILSON | ) |
| COUNTY, NORTH CAROLINA *et al.*, | ) |
| *Defendants*. | ) |

## ORDER

These cases are before the Court on motions filed by the landowner defendants for reconsideration of the Court's prior order denying continuation of the stay previously imposed in these matters.[1] Plaintiff, ACP, opposes reconsideration and any continued stay.

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment, but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

The moving parties have not demonstrated any ground which would justify reconsideration of the Court's prior order. In addition to arguments raised previously which the Court need not consider, the moving parties rely on the continued development of the litigation before the United States Supreme Court and the Court of Appeals for the District of Columbia which concerns the

---

[1] The Court's prior order erroneously referred to plaintiffs' requests for continuation or entry of a stay when those motions were filed by landowner defendants. To clarify, the requests to stay these proceedings have only been made by landowner defendants.

2

Atlantic Coast Pipeline. *See Atlantic Coast Pipeline v. Cowpasture River Preservation Assoc.*, No. 18-1587 (U.S. June 25, 2019); *United States Forest Service v. Cowpasture River Preservation Assoc.*, No. 18-1584 (U.S. June 25, 2019); *Atlantic Coast Pipeline v. FERC*, No. 18-1308 (consolidated) (D.C. Cir. October 4, 2019). The Court is aware of the proceedings related to the pipeline in other courts but has determined in its discretion that a continued stay of these condemnation proceedings is no longer warranted.

The moving parties also rely on correspondence between the North Carolina Department of Health and Human Services (NCDHHS) and FERC regarding an epoxy coating that ACP intends to use on pipes installed in the ACP project. In the letter, the NCDHHS recommends that FERC require ACP to provide additional information in order to address concerns about the leachability and potential toxicity of the coating. The landowners have not demonstrated that this letter constitutes new evidence which would support reconsideration of the Court's prior order.

At bottom, ACP continues to hold a valid FERC certificate at this time. ACP has voluntarily suspended construction, and thus these proceedings at this stage concern only whether ACP has the right to condemn and if so the amount of just compensation. The landowners have failed to persuade the Court that a continuation of the previous stay is warranted. The motions for reconsideration are therefore DENIED.

SO ORDERED, this __25__ day of February, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3