IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-36-BO

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC, )<br>*Plaintiff*, )<br>v. )<br>)<br>0.47 ACRES, MORE OR LESS, IN HALIFAX )<br>COUNTY, NORTH CAROLINA *et al.*, )<br>*Defendants*. ) | ORDER |

This cause comes before the Court on a motion by the defendant landowners in this action seeking attorneys' fees and costs. Plaintiff has responded in opposition and has filed a motion seeking leave to serve limited discovery. The appropriate responses and replies have been filed and the matters are ripe for ruling.

## BACKGROUND

On September 18, 2015, plaintiff, Atlantic Coast Pipeline or ACP, filed an application for a certificate of public convenience and necessity with the Federal Energy Regulatory Commission (FERC), seeking permission to construct an approximately 600-mile pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina. FERC issued ACP a certificate of public convenience and necessity on October 13, 2017, authorizing ACP to construct the pipeline. *See* [DE 1-2]. In order to construct the pipeline, ACP needed to acquire both temporary and permanent, exclusive easements on properties, including the subject property, along the FERC-approved pipeline route.

To that end, ACP filed in this Court a total of seventy-seven complaints in condemnation pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1. In each complaint, ACP sought an order allowing the taking of certain interests in real property, immediate entry and

possession of real property, and the ascertainment and award of just compensation to the owners of interest in the subject real property pursuant to its power of eminent domain as authorized by Section 7(h) of the National Gas Act.

Partial summary judgment was entered in ACP's favor in some cases, many cases settled, and several cases were stayed for a period pending other litigation. On July 5, 2020, ACP announced the cancelation of its pipeline project. In the above captioned case, ACP filed a notice of voluntary dismissal on July 9, 2020, pursuant to Rule 71.1(i)(1)(A) of the Federal Rules of Civil Procedure. The voluntary dismissal was filed prior to ACP acquiring any title or lesser interest in the subject property and prior to any hearing on compensation.

Following ACP's dismissal, counsel for the land-owner defendants filed a request that the Court retain jurisdiction. The Court allowed that motion in part and permitted the landowner defendants to file motions seeking to recover costs and fees or other ancillary relief on July 10, 2019. The instant motions followed.

## DISCUSSION

In condemnation cases, the general rule is that litigation expenses are nonrecoverable, but Congress created a narrow exception to that rule when it enacted the Uniform Relocation Assistance and Real Property Acquisition Policies Act (the Relocation Act). *United States v. 410.69 Acres of Land, More or Less in Escambia Cty., State of Fla.*, 608 F.2d 1073, 1076 (5th Cir. 1979). The Relocation Act was enacted to "establish[] a uniform policy for the fair and equitable treatment of persons displaces as a direct result of programs or projects undertaken by a federal agency." 42 U.S.C. § 4621(d). As applies specifically to litigation expenses in condemnation proceedings, the Relocation Act provides that

> The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title

2

> to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if--
> (1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or
> (2) the proceeding is abandoned by the United States.

42 U.S.C. § 4654(a).

A federal agency is defined by the Relocation Act to include "any person who has the authority to acquire property by eminent domain under Federal Law." 42 U.S.C. § 4601. ACP does not dispute that it is a federal agency for purposes of § 4654(a) because it was granted authority to acquire property by eminent domain under federal law pursuant to its FERC Certificate and the Natural Gas Act. Nor does ACP argue that the defendants are not the proper landowners or that the proceeding has not been abandoned. Rather, ACP argues that it is not required to pay attorney fees and expenses to the defendant landowners under § 4654(a)(2) because it is not the United States. In support, ACP relies on a decision of the Ninth Circuit, in which the court held that

> [g]iven our interpretation of the term [the United States], the landowner's right to costs and fees is triggered only when the federal government abandons a condemnation proceeding, not when a private entity such as Transwestern does so, even if that private entity is exercising federally granted condemnation power.

*Transwestern Pipeline Co., LLC v. 17.19 Acres of Prop. Located in Maricopa Cty.*, 627 F.3d 1268, 1271 (9th Cir. 2010).

This Court respectfully disagrees with the Ninth Circuit's holding. "For reasons that are unknown, the statute uses different language ascribing responsibility for fees" when judgment is entered finding that the property cannot be acquired by condemnation versus when a proceeding is abandoned. *Transcon. Gas Pipe Line Co., LLC v. A Permanent Easement for 0.018 Acres*, No. 09-1385, 2010 U.S. Dist. LEXIS 85393, at *7 (E.D. Pa. Aug. 18, 2010). The legislative history of Section 304 of the Relocation Act, as reflected in a report by the House of Representatives'

3

Committee on Public Works, discusses reimbursing property owners for reasonable litigation expenses following the abandonment of condemnation proceedings instituted by federal agencies and then abandoned by "the Government." H.R. Rep. No. 91-1656, p. 25 (1970). The Supreme Court, when discussing this statute, has also used "Federal agency" and the "Government" interchangeably, referring to the costs placed by the Relocation Act on "the Government," which include reasonable attorney fees following abandonment by "the Government" of a condemnation proceeding. *United States v. Bodcaw Co.*, 440 U.S. 202, 204 (1979).

This suggests that the statute's use of the terms federal agency and United States is ambiguous, and, as identified by the *Transcontinental Gas Pipeline* court, "[t]here are several reasons for applying the abandonment provision to private companies exercising federal authority." *Transcon. Gas Pipe Line* 2010 U.S. Dist. LEXIS 85393, at *8; *see also Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.").

The first is that in all cases involving a federal agency the Unites States is the proper party. *Id.* Importantly, a private company, here ACP, has absolutely no authority to condemn property absent express statutory authorization. After having been granted such an authorization, the private company in essence stands in the shoes of a federal agency, or in other words, the United States government. *See, e.g.,* 15 U.S.C. § 717f(h). Indeed, this is reflected in the Relocation Act's definition of a federal agency, which includes "any person who has the authority to acquire property by eminent domain under Federal law." 42 U.S.C. § 4601.

There is further no appreciable difference from the perspective of the landowner when the proceeding is abandoned versus when judgment is entered against the federal agency. *Transcon.*

4

*Gas Pipeline*, 2010 U.S. Dist. LEXIS 85393 *8. Finally, Section 304 of the Act, titled Litigation expenses, applies to real property condemnation proceedings instituted by a federal agency; the statute elsewhere does not make a distinction between a federal agency and the United States. *Id.* at *9; 42 U.S.C. § 4654(a).

Other than the decision of the Ninth Circuit cited above, the cases cited by ACP are either inapposite or fail to address the specific issue raised in this case. For example, in *United States v. 410.69 Acres*, 608 F. 2d 1073, while the court determined that the legislative history of the Relocation Act supports a restrictive reading of § 4246(a), it only concluded that such a restrictive reading would prevent an award of litigation expenses where, following the government's dismissal of the condemnation proceeding, the landowner sold the land to the government for his asking price. *Id.* at 1076. Based upon the foregoing, the Court is persuaded that, pursuant to § 4654(a)(2),because the proceeding instituted by ACP has been abandoned, it shall award the defendant landowners such a sum as this Court determines will reimburse the landowners for their reasonable costs, disbursements, and expenses, to include reasonable attorney, appraisal, and engineering fees, which have actually been incurred because of the condemnation proceeding. Accordingly, the Court does not address the defendant landowners' argument that they are alternatively entitled to attorney fees under North Carolina law.

Having determined that the it has a statutory duty to award reasonable litigation expenses, the Court turns to ACP's motion to serve limited discovery regarding the motion for attorney fees and costs. ACP contends that it should be permitted to serve four discovery requests on the landowners which would require them to produce their fee agreement with counsel and any other contracts or agreement with their attorneys as well as to answer interrogatories regarding whether the landowners agree they have a legal obligation to pay their attorneys $20,008, whether they

intend to pay their attorneys, whether any third party has offered to pay the landowners' legal fees, and to provide further description of line item costs described in their motion. The landowner defendants oppose the motion but have provided the declaration of one landowner defendant, Normandy Blackman, in an attempt to resolve some of the dispute.

In order to determine whether the costs requested have been actually incurred, a court may review a fee agreement, but it may also consider written representations of counsel. *See United States v. 243.538 Acres of Land, More or Less, In Maui Cty., State of Hawaii*, 509 F. Supp. 981, 987 (D. Haw. 1981). Here, counsel for defendant landowners has submitted an affidavit in support of the motion for attorneys' fees and costs. Moreover, in her declaration, Ms. Blackman states that she agreed to pay for fees and expenses of her attorneys and staff at a fixed rate in addition to paying costs, has been paying invoices sent to her for legal services rendered, and that no third-party has agreed to pay or offered to pay for legal expenses. Blackman Decl. ¶¶ 6-9. The Court deems this sufficient to demonstrate that the requested fees and costs have been actually incurred.

The Court deems the remaining discovery requests unnecessary and unduly burdensome. The declaration of Ms. Blackman has satisfactorily answered the first three requested interrogatories, and the Court determines that the costs described in the "slip listing" attached as Exhibit A to attorney Cralle Jones' affidavit are sufficiently specific. Accordingly, ACP's motion for leave to serve limited discovery requests is denied.

Finally, the Court must determine whether the sum requested in the motion, $18,870 in attorney fees and $1,138 in costs, is reasonable. Determination of an attorney fee award involves three steps. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). The Court first determines the lodestar amount by multiplying a reasonable fee rate times the number of reasonable hours expended. *Id.* (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir.2009)).

6

The reasonable rate as well as a reasonable number of hours expended are determined by applying the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).[1] *Id.* In the second step, the Court subtracts any fees for hours spent on unsuccessful claims. *Id.* In the last step, the court awards a percentage of the remaining amount, "depending on the degree of success enjoyed by the [party]." *Id.*

In order to establish a reasonable rate, defendant landowners have submitted the affidavit of another local attorney who represents private property owners in eminent domain litigation. [DE 66-2]. This attorney, Charles Lolar, Sr., states that he believes the hourly rates charged by defendant landowners' attorneys are below market rate and that attorney Lolar generally charges $600 per hour for attorney work. ACP has not objected to the rates provided by counsel for defendant landowners as unreasonable. Based upon the foregoing, the Court determines that the rate of $250 per hour for attorney time and $95 per hour for legal assistant time requested by defendant landowners is reasonable.

The number of hours expended, 121.05 hours, is reasonable given that this suit was filed in February 2018 and has involved extensive motions practice. Counsel for defendant landowners represented other defendant landowners in similar suits brought by ACP and was able to minimize her duplication of efforts and limit the time expended. The number of hours spent is substantially

---

[1] 1) The *Johnson* factors include the "time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *McAfee*, 738 F.3d at 88 n.5.

less than the number of hours estimated by attorney Lolar. ACP does not object to the number of hours as being unreasonable. The appropriate lodestar amount is therefore $18,870.

In their answer, the defendant landowners objected to the complaint in condemnation and raised their defenses to the taking. [DE 16]. There were no unsuccessful claims and defendant landowners were fully successful in this case because, although judgment was not entered in their favor and against ACP, the pipeline project was abandoned. ACP has not argued that the amount of the attorney fee award should be reduced on any ground. The Court in its discretion determines that in this case the full attorney fee award is appropriate. As discussed above, the Court determines that costs of $1,138 are appropriately supported and will be awarded in this case.

In summary, defendant landowners have demonstrated that they are entitled to an award of reasonable fees and appropriate costs under § 4654(a)(2) as against ACP. Defendant landowners have further demonstrated that, in accordance with the statute, they are landowners who have actually incurred reasonable fees of $18,870 and costs of $1,138 in a case in which the condemnation proceeding has been abandoned.

## CONCLUSION

Accordingly, defendants' motion for attorney fees and costs [DE 66] is GRANTED in accordance with the foregoing. Plaintiff's motion for leave to serve limited discovery [DE 67] is DENIED.

SO ORDERED, this 18 day of December 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE